**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ISAIAS R. BARRIOS-LOPEZ,                      )
                             Petitioner,        )
                                      )
     vs.                                    )        No. 1:15-cv-1666-LJM-DML
                                      )
UNITED STATES OF AMERICA,                      )
                         Respondent.       )

**Entry Dismissing Motion for Relief Pursuant to**
**28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The ' 2255 Motion**

The petitioner was convicted of drug offenses in No. 1:06-cr-00107-LJM-TAB-01. A prior motion for relief pursuant to 28 U.S.C. § 2255 was docketed as No. 1:10-cv-00813-WTL-TAB and was dismissed with prejudice on June 20, 2013. His most recent motion for relief pursuant to 28 U.S.C. § 2255 was filed on October 21, 2015 and was forwarded to the Court of Appeals for its assessment, pursuant to 28 U.S.C. § 2255(h), of the viability of his challenge to an enhanced sentence. The matter was docketed in the Court of Appeals as No. 15-3406 and on November 24, 2015 the Court of Appeals denied leave to file a second or successive motion for relief pursuant to 28 U.S.C. § 2255. The explanation for this ruling was the following:

> Isaias Barrios-Lopez has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Barrios-Lopez, who was sentenced as a career offender, asks permission to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act is unconstitutionally vague). The application argues that the district court improperly relied on his prior convictions for serious drug felonies when making the career offender determination. But *Johnson*'s rule applies only to the residual clause of provisions that define violent felonies; it does not affect predicates for drug offenses.

The appellate mandate transmitting the denial was received by the clerk and docketed in the underlying criminal action on November 24, 2015. By statute, there were no further proceedings in the appellate proceedings just described. Instead, the petitioner filed a Rule 60(a) motion for relief from judgment with respect to the Order of October 21, 2015, forwarding the most recent 28 U.S.C. § 2255 motion to the Court of Appeals.

Rejection of the § 2255 motion as a candidate to proceed with an authorized second or successive such motion places the transferred motion back to its status prior to the transfer.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. ' 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, ' 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "is an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

With the prior ' 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction.

The petitioner's motion filed on February 4, 2016, though labeled as a motion for relief from judgment, [dkt 3] is **denied** because "[w]hen a court lacks jurisdiction over an action it has no choice but to announce that fact and dismiss the case." *Stone v.*

*Stenz,* 2008 WL 2184900, *2 (S.D.Ind. 2008)(citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998)).

Judgment consistent with this Entry shall now issue.

The clerk shall docket this Entry in the underlying criminal action, No. 1:06-cr-00107-LJM-TAB-01.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Barrios-Lopez has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: ___March 1, 2016___

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Isaias Roderico Barrios-Lopez
08337-028
McKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701